IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SPERIDIAN TECHNOLOGIES, LLC,

    Plaintiff,

vs.                                                                                          Civ. No. 23-1162 LF/SCY

BALASUBRAMANI S. BHASKARAN

    Defendants.

## ORDER TO FILE RULE 7.1 NOTICE AND AMEND COMPLAINT

This matter comes before the Court sua sponte, following its review of the Complaint, filed by Plaintiff Speridian Technologies, LLC on December 28, 2023. Doc. 1. Plaintiff filed this action to federal court citing diversity jurisdiction. *Id.* ¶ 9. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the complaint fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). Here, the allegations of citizenship in the complaint are lacking in two respects.

First, as to the individual Defendant, Plaintiff alleges that "Bhaskaran is an individual residing in Kentucky . . . ." Doc. 1 ¶ 6. Residency, however, is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *See Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction).

Second, as to itself, Plaintiff alleges that it "is a citizen of California, Delaware, and New Mexico. It is organized under the laws of Delaware and maintains its principal place of business at 2400 Louisiana Blvd. NE, Bldg. 3, Albuquerque, New Mexico 87110. Speridian's sole member, Speridian Global Holdings, LLC, is a limited liability company organized in California." Doc. 1 ¶ 5. Determining the citizenship of an unincorporated entity such as limited liability company (LLC) is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See id.* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). Here, while Plaintiff alleges that its sole member is Speridian Global Holdings, LLC, it does not provide the citizenship of Speridian Global Holdings, LLC's members and so the Court is unable to determine the citizenship of Plaintiff Speridian Technologies, LLC.

Relatedly, the Court notes that Rule 7.1 requires a party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction.").

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff file a corporate disclosure statement that fully complies with Rule 7.1(a)(2) no later than January 12, 2024.

**IT IS FURTHER ORDERED** that Plaintiff amend its Complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **January 12, 2024.** If such an amended complaint is not filed by that deadline, the Court may dismiss this action without prejudice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE