IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SPERIDIAN TECHNOLOGIES, LLC,

        Plaintiff,

v.                                                                                              Civ. No. 23-1162 LF/SCY

BALASUBRAMANI S. BHASKARAN,

        Defendant.

**ORDER TO SHOW CAUSE**

        This matter is before the Court *sua sponte.* Plaintiff filed its complaint on December 28, 2023, Doc. 1, and an Amended Complaint on January 12, 2024, Doc. 4. Plaintiff served the Amended Complaint and summons on Defendant on April 10, 2024. Doc. 6; Doc. 9 at 1 ¶ 2. After Plaintiff filed a motion for extension of time which the Court granted, Defendant's answer was due on August 1, 2024. Doc. 10. No answer has been filed on the docket. Since that time, Plaintiff has taken no further action in this case, such as moving for default judgment under Rule 55(b). There has been no activity on the docket since June 20, 2024.

        The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Additionally, under the Local Rules of this Court, "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M.LR-Civ. 41.1. Based upon Plaintiff's lack of activity in this case, it will be required to show cause why this case should not be dismissed.

        **IT IS THEREFORE ORDERED THAT** no later than October 24, 2024, Plaintiff shall

2

file with this Court a response to this order showing cause why this case should not be dismissed. Plaintiff is also hereby notified that failure to respond to this Order may result in dismissal without further notice.

_____
UNITED STATES MAGISTRATE JUDGE